**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ISABEL ENRIQUEZ BAEZA, | No. 17-70976 |
| Petitioner, | Agency No. A200-554-190 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2022
Submission Deferred August 26, 2022
Submitted January 23, 2023

Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit Judges.

Maria Isabel Enriquez Baeza, a citizen of Mexico, appeals the Board of

Immigration Appeals' decision affirming an immigration judge's denial of her

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review agency denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny Enriquez Baeza's petition.

1. To establish eligibility for asylum or withholding based on past persecution by nongovernmental actors, a petitioner must establish "that the government is unwilling or unable to control that nongovernmental actor." *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). Because the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," Fed. R. App. P. 28(a)(8)(A), we "review only issues [that] are argued specifically and distinctly in a party's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted). Accordingly, "a bare assertion of an issue does not preserve a claim." *Id.* (cleaned up).

Enriquez Baeza's opening brief includes a header stating, "[t]he Board further erred in affirming the Immigration Judge's finding that Enriquez has not established that the harm suffered was inflicted by individuals that the government is unable or unwilling to control." But following this bare assertion, Enriquez Baeza's brief does not discuss asylum or withholding of removal, does not include

2

any contentions or reasoning related to those claims, and provides no citations to the authorities and parts of the record on which she relies. Enriquez Baeza's claims for asylum and withholding are therefore forfeited.

2. "To be eligible for CAT relief, a petitioner must show that torture would be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010) (quoting 8 C.F.R. § 208.18(a)(1)), *overruled in part on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1070 (9th Cir. 2017). "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Because Enriquez Baeza's CAT arguments are limited to the government's "fail[ure] to bring . . . criminals to justice," *id.*, which is insufficient to establish acquiescence, her CAT claim fails.

\*\*\*

**PETITION DENIED.**

3